# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LOWELL BAISDEN, | ) | |
| MICHAEL KONING and ANESTHESIA | ) | |
| CONSULTANTS OF NEBRASKA, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | 8:06CV517 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| RON BOURNE, BURT McKEAG, | ) | |
| ANDREW CHANTOS, | ) | |
| BOB McCHESNEY and DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the plaintiffs' Motion to Stay Case (Filing No. 29). The plaintiffs filed a brief (Filing No. 30), a reply brief (Filing No. 36) and attached evidence to their initial motion and filed supplement evidence (Filing No. 37) in support of a stay. The defendants filed a brief (Filing No. 31) and an index of evidence (Filing No. 32) in opposition to the motion.

## BACKGROUND

In the amended complaint, the plaintiffs allege the following facts. In early 2002, Anesthesia Consultants of Nebraska, Inc. (ACN) entered into a contract with North Platte Nebraska Hospital Corporation, d/b/a Great Plains Regional Medical Center (Hospital) giving ACN the exclusive right to provide anesthesia services for a renewable three-year term. The plaintiff Michael Koning (Dr. Koning), the sole shareholder and president of ACN, hired the defendants Burt McKeag and Ron Bourne to perform the anesthesia services on behalf of ACN. The Hospital terminated the anesthesia services contract before the end of the three year term. During the initial term of the contract, the plaintiff Lowell Baisden, the brother-in-law of Dr. Koning, provided tax, accounting and other financial services for medical professionals and others.

The plaintiffs allege the defendants executed a fraudulent scheme to obtain the exclusive anesthesiology contracts from the Hospital and thereby deprive Dr. Koning of his livelihood and destroy the reputation of the plaintiffs. Additionally, the plaintiffs allege that

as part of the defendants' scheme, they made false accusations to Mr. Baisden's clients in an effort to entice the clients to terminate a business relationship with Mr. Baisden and start a business relationship with the defendant Bob McChesney. The allegedly false accusations were that Mr. Baisden was giving unlawful tax advice and about Dr. Koning's fitness to practice medicine and engaging in illegal activity. Specifically, the plaintiffs allege the defendants made alleged false criminal charges to an IRS criminal investigator in order to harm the plaintiffs. Based on these allegations, the plaintiffs allege tortious interference with a business relationship or expectancy (Claim I and IV), breach of duty of loyalty by employees (Claim II), civil racketeering (RICO) (Claim III), a violation of the Consumer Protection Act (Claim V), unjust enrichment (Filing No. VI) and civil conspiracy (Claim VII). **See** Filing No. 9.

In response, the defendant Mr. Bourne filed a counter-claim against the plaintiffs Dr. Koning and ACN alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. for failure to pay over-time and other wages. **See** Filing No. 16. Mr. Bourne is a certified nurse anesthetist (CRNA). Mr. Bourne alleges that in 2004 another CRNA employed by Dr. Koning and ACN challenged his designation as an independent contractor and the IRS ruled the CRNA should have been treated as an employee for purposes of withholding social security taxes. Dr. Koning did not reclassify Mr. Bourne as an employee or compensate him accordingly. Mr. Bourne alleges Dr. Koning and ACN failed to pay overtime wages and keep accurate records of the hours worked.

Relevant to the issues raised in the plaintiffs' motion to stay, is the procedural history of this case and some incidental litigation. On June 6, 2006, the plaintiffs filed an action against the defendants in the United States Court for the District of Nebraska, Case No. 8:06CV419, which the plaintiffs later voluntarily dismissed. The plaintiffs initially filed this action, on June 30, 2006, in the District Court of Lincoln County, Nebraska. **See** Filing No. 1, Exhibit A. On July 27, 2006, the defendants removed this action to the United States Court for the District of Nebraska. **See** Filing No. 1. On September 29, 2006, the United States of America filed a civil complaint against Mr. Baisden in the United States District Court for the Eastern District of California. **See** Filing No. 29 Exhibit A. The United States of America alleges Mr. Baisden violated certain Internal Revenue Code sections and engaged in unlawful conduct with respect to tax and accounting practices. Mr.

Baisden has been served with the complaint and a preliminary injunction hearing is scheduled for January 22, 2007. **See** Filing No. 37, Exhibit 2.

Finally, on April 4, 2006, Evan and Jan Geilenkirchen filed a complaint against Mr. Baisden in the District Court of Lincoln County, Nebraska, alleging claims based on accounting and tax advice given by Mr. Baisden. **See** Filing No. 32, Exhibit A(1). The Geilenkirchen action relates to advice allegedly given by Mr. Baisden to set up a Nevada corporation and other actions to reduce tax liability for the plaintiffs, but which resulted in increased IRS scrutiny, audits and investigations. *Id.* The Geilenkirchen case is ongoing.

## DISCUSSION

The plaintiffs seek a stay of discovery for this action until the California case is resolved. The plaintiff contends the California case focuses on the very same issues raised in the amended complaint and counter-claim, specifically whether Mr. Baisden engaged in unlawful conduct with respect to tax and accounting practices. The plaintiffs contend the California case also raises the issue of Mr. Baisden's accounting work for Dr. Koning and the advice to classify employees as independent contractors. The plaintiffs argue that since this matter is about whether the accusations about Mr. Baisden giving unlawful tax advice are true, the California case "will have a significant, if not dispositive, effect on this Nebraska lawsuit." The plaintiffs state a stay will save judicial resources and avoid duplication. Additionally, the plaintiffs contend a stay will benefit the parties because this case is in its infancy and a stay would keep costs low. The parties have not yet completed discovery, but the defendants have served an initial set of discovery. Such discovery includes over 85 requests for production and sixteen, or more, (not including subparts) interrogatories on each plaintiff. Finally, the plaintiffs argue the defendants have admitted to being in the same or similar position as the United States in the California case. The plaintiffs contend the bulk of the discovery requests are related to the California case.

In opposition to the stay, the defendants deny that the California case will have any dispositive effect on the issues in this case. Accordingly, the defendants argue there would be no judicial economy. Additionally, the defendants fear a stay is indefinite and could be lengthy. The defendants state this is the only forum for the defendants to have their claims

and defenses heard and they are entitled to proceed with discovery. The defendants show that Mr. Baisden has served 174 requests for admission in the Geilenkirchen case regarding his own tax and accounting practices, as well as issues related to this case. **See, e.g.,** Filing No. 32, Exhibit A(3). The defendants argue they are prejudiced by the plaintiffs' ability to gather discovery about the defendants through the Geilenkirchen case, when the defendants would be unable to obtain discovery themselves.

The power of a district court to stay an action pending on its docket is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." **Landis v. North Am. Co.**, 299 U.S. 248, 254 (1936); **see Lockyer v. Mirant Corp.**, 398 F.3d 1098, 1109 (9th Cir. 2005) ("A district court has discretionary power to stay proceedings in its own court under **Landis**."); **Capitol Indem. Corp. v. Haverfield**, 218 F.3d 872, 874 (8th Cir. 2000). A party who seeks a stay must show hardship or inequity in being forced to move forward if there is "even a fair possibility that the stay for which he prays will work damage to someone else." **Lockyer v. Mirant Corp.**, 398 F.3d at 1109; **Jones v. Clinton**, 72 F.3d 1354, 1364 (8th Cir. 1996) ("Traditionally, an applicant for a stay has the burden of showing specific hardship or inequity if he or she is required to go forward."). Accordingly, the court must balance the consequences of imposing a stay on the opposing party against the consequences of proceeding on the movant. **See Jones**, 72 F.3d at 1365.

The **Lockyer** trial court granted a stay pending the outcome of a defendant's Chapter 11 bankruptcy proceedings in another district based on docket efficiency concerns and based on its belief that the stay was "fair and practical" for the parties. **Id**. at 1100, 1105.[1] However, the Ninth Circuit Court vacated the stay, reasoning a stay was not justified under the facts of the case simply based on a balance of hardships or by the prospect of narrowing the issues before the court because of the relief sought in the case. **Id**. at 1112. First, the **Lockyer** court determined the defendant failed to demonstrate great hardship in being forced to continue its defense stating, "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity.'" **Id**. Moreover, the

---

[1] The matter came within the "police or regulatory power" exception under 11 U.S.C. § 362(b)(4), and therefore the automatic bankruptcy stay did not apply. **Lockyer**, 398 F.3d at 1109.

*Lockyer* court found the plaintiff's interests would be harmed by the stay, as he sought injunctive relief for ongoing economic harm. *Id*. at 1112.

Additionally, Federal Rule of Civil Procedure 16(b) provides a progression order schedule shall not be modified except upon a showing of good cause. "In demonstrating good cause, the moving party must establish that the 'scheduling deadlines cannot be met despite a party's diligent efforts.'" *Thorn v. Blue Cross & Blue Shield of Fla., Inc.*, 192 F.R.D. 308, 309 (M.D. Fla. 2000) (citations omitted) (paraphrasing Fed. R. Civ. P. 16 Advisory Committee Notes (1983 amendment)). "If the reason for seeking the amendment is apparent before the deadline and no offsetting factors appear, the Rule 16 deadline must govern." *Financial Holding Corp. v. Garnac Grain Co.*, 127 F.R.D. 165, 166 (W.D. Mo. 1989).

In the instant case, the plaintiffs have failed to show hardship or inequity in being forced to move forward according to schedule. Mere compliance with a discovery schedule or expenditure of resources for typical discovery is not a hardship which would justify a stay of proceedings. In contrast, a "fair possibility" of harm to the defendants exist if the stay is granted as the defendants will not be able to have the serious claims against them, and Mr. Bourne's claim against two of the plaintiffs, heard for an unknown period of time. Additionally, the defendants are not parties to the California action, which is only against one of the three plaintiffs. Even if discovery in the multiple cases is similar, there is no reason before the court why discovery cannot be conducted in a parallel manner more efficiently than if one case were stayed. Further, the plaintiff initiated this action and did not move for a stay until after entry of the progression order in this case.

Finally, the court has an interest in securing the just, speedy, and inexpensive determination of every action. **See** Fed. R. Civ. P. 1. Here, the parties to both actions are not the same. This case may involve similar issues based on similar facts, however the California proceeding does not involve the same claims, nor would resolution in that case appear to resolve the claims here. The interest of the plaintiffs to proceed with one case at a time does not justify the burden of delay a stay may cause the defendants.

The plaintiffs have failed to show a hardship or inequity by proceeding outweighs the harm to the defendants due to a stay. Accordingly, the plaintiffs have failed to show good cause why the progression order deadlines should be amended. Due to the risk of

harm to the defendants and the lack of reasons compelling the stay, the court denies the motion for stay.  Upon consideration,

**IT IS ORDERED:**

The plaintiffs' Motion to Stay Case (Filing No. 29) is denied.

Dated this 5th day of December, 2006.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge